Mr. Jack Wagoner III Mitchell, Blackstock, Barnes, Wagoner and Ivers 1010 West Third Street Little Rock, AR 72201
Dear Mr. Wagoner:
This is in response to your request for an opinion pursuant to the Arkansas Freedom of Information Act ("FOIA"), which provides, under A.C.A. § 25-19-105(c)(3)(B), for the Attorney General's review of the custodian's decision with respect to the release of personnel or evaluation records. Your question pertains specifically to an investigation into a particular incident at the Arkansas State Hospital. The custodian of the records has denied your request for "all records, reports, and documentation of any type . . ." (letter from Judy Besancon to Jack Wagoner III (Oct. 5, 1999)) pertaining to the incident, pursuant to the FOIA exemption regarding "employee evaluation or job performance records." A.C.A. § 25-19-105(c)(1).
It must be initially noted that not having reviewed the actual records in question, I cannot specifically determine whether the custodian has properly denied access to particular documents. I will, however, set forth what I believe is the applicable law guiding the custodian's decision.
As a general matter, "employee evaluation or job performance records" (including "preliminary notes and other materials") are disclosable only if the following three conditions are met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) the records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) there is a compelling public interest in the disclosure of the records. A.C.A. §25-19-105(c)(1).
It is my understanding that there has been a termination decision in this instance and that a grievance process is ongoing. Because there has been no final administrative resolution of the termination proceeding, it appears that the custodian has properly denied your request if the records sought do, in fact, constitute "employee evaluation or job performance records."
It must be initially noted in this regard that the FOIA does not define the phrase "employee evaluation or job performance records." I have previously opined that in the absence of a statutory definition, the phrase may reasonably be construed to refer to records which detail the performance or lack of performance of an employee with regard to a specific incident or incidents. See Op. Att'y Gen. Nos. 99-026 and 96-033. This office has previously opined on numerous occasions that records of investigations into alleged employee misconduct are generally covered by the "employee evaluation or job performance" provision. Op. Att'y Gen. 96-257. Ancillary documentation may also be included. For example, the term "job performance record" has been interpreted to include incident reports, supervisors' memos, and transcripts on investigations, including witness statements. See, e.g., Op. Att'y Gen. Nos. 97-190, 96-342, 96-257, 96-168, 92-319, and 92-207.
One important point should be mentioned in this regard, however. This exemption is limited to records created by or at the behest of the public employer. This conclusion is consistent with previous opinions involving sexual harassment allegations. See, e.g., Op. Att'y Gen. 98-001
(documents received from third parties and not created by the employer as a part of an investigation are not "employee evaluation or job performance records, but might be classified as "personnel records"); Op. Att'y Gen. 96-342 (records not made or given as part of the employing agency's inquiry or investigation are not "job performance records" and are generally subject to disclosure absent the presence of "intimate information" that might give rise to a privacy interest); and Op. Att'y Gen. 96-257 (same). See also Op. Att'y Gen. 99-026 (agreeing with my predecessor's conclusion that documents may be classified as "employee evaluation or job performance records if they were created in theevaluation of the employee's performance). Documents not created in the evaluation process do not come within the rationale behind the §25-19-105(c)(1) exemption. That exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See WATKINS, The Arkansas Freedom of Information Act (mm Press, 3d ed. 1994) at 141-142.
Thus, in my opinion, any documents not created by, or pursuant to the actions of the employer in evaluating or documenting the employee's job performance are not subject to the test found in A.C.A. § 19-25-105(c)(1) for the release of evaluation or job performance records. Accord Op. Att'y Gen. 99-283. A separate question may arise as to whether any particular records, not constituting "employee evaluation or job performance records," are nevertheless properly classified as "personnel records" under A.C.A. § 19-25-105(b)(10). I will not set forth the applicable test in this regard as I have been provided no information suggesting that this provision applies in this instance. The applicability of this test requires a case by case review of the documents in order to determine their exempt status. See generally Op. Att'y Gen.99-283.
As for the proper classification of records as evaluation or job performance records, this may raise factual issues; and indeed it appears that you dispute the actual purpose and nature of the investigation at issue in this instance. I cannot make any conclusive determination in this regard based upon the information provided. The agency in this instance has stated that the investigation "relates to the job performance of the security guard [,]" and that "[t]his information was used during his Administrative Review." Letter from Judy Besancon,supra, at 1. It is unclear from these statements whether the records in question were, in fact, created by or pursuant to the actions of the employer in evaluating or documenting the employee's job performance. This is, in my opinion, the relevant inquiry for purposes of applying A.C.A. § 19-25-105(c)(1).
This issue is not subject to resolution in the limited format of an opinion from this office. I lack both the resources and the authority to act as a factfinder in resolving factual disputes. While I am thus unable to offer a conclusive response, the foregoing will hopefully offer sufficient information to guide the factual review.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:eaw/cyh